IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY ALBRITTON and RONALD ALBRITTON, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC. | ) ) ) ) |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW COME the plaintiffs, JUDY ALBRITTON, RONALD ALBRITTON, by and through their attorneys SKAAR & FEAGLE, LLP, suing on behalf of themselves and all others similarly situated, and for their complaint against NATIONAL CONSUMER TELECOM & UTILITIES EXCHANGE, INC., the plaintiffs state as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (FCRA), for redress of injuries suffered by Plaintiffs and others similarly situated, when Defendant improperly failed to provide them with the information in the files it compiles and maintains about them upon request.

2. The disclosure requirements of the FCRA are designed to ensure that consumers have access to *all* information in their files that consumer reporting

agencies such as Defendant compile, maintain, and sell about them. 15 U.S.C. § 1681g. Defendant nonetheless systematically deprives consumers of complete and proper disclosures of their files as required by the FCRA, and consumers are thus unable to learn of and/or dispute the information Defendant maintains and sells.

## II.     JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)

## III.     PARTIES

5. Plaintiffs Judy Albritton and Ronald Albritton are both adult individuals who reside in Marietta, GA.

6. Defendant National Consumer Telecom & Utilities Exchange, Inc. (NCTUE) is a corporation doing business in Atlanta, GA.

## IV.     FACTUAL ALLEGATIONS

7. NCTUE describes itself as "a membership of companies that provide services (telecommunication, pay TV and utilities) and report and share data relative to their customers' accounts," including payment and account history. http://www.nctue.com/about (last visited September 5, 2017).

8. NCTUE maintains a database of consumer data and sells it to member companies in order to evaluate customers' eligibility for services.   see http://www.nctue.com/member_benefits (last visited September 5, 2017).

9. NCTUE holds itself out as a "consumer reporting agency that maintains data such as payment and account history, reported by telecommunication, pay TV and utility service providers that are members of NCTUE." see http://www.nctue.com/about (last visited September 5, 2017).

10. NCTUE's current website represents that consumers may obtains their NCTUE file by writing to P.O. Box 105161, Atlanta, GA 30348. **see** http://www.nctue.com/consumers (last visited September 5, 2017).

11. In 2015 and until some time in 2017, NCTUE's website represented that consumers could have obtained their NCTUE file by writing to P.O. Box 105161, Atlanta, GA **30374**. (Bold emphasis added).

12. Thus, at all times pertinent hereto, NCTUE was a consumer reporting agency (CRA) as defined by section 1681a(f) of the FCRA.

13. The FCRA unambiguously requires CRAs such as NCTUE to "clearly and accurately disclose to the consumer [a]ll information in the consumer's file" upon the consumer's request. 15 U.S.C. § 1681g(a).

14. Nevertheless, and despite the clear mandate of FCRA section 1681g(a), NCTUE routinely fails to provide consumers with all the information that it compiles, maintains, and sells about them.

15. On or about September 17, 2015, Plaintiff Judy Albritton wrote to NCTUE at the P.O. Box referenced above and requested all the information in her NCTUE file.

16. NCTUE did not provide any response to Mrs. Albritton's request.

17. On or about September 17, 2015, Plaintiff Ronald Albritton wrote to NCTUE at the P.O. Box referenced above and requested all the information in his NCTUE file.

18. NCTUE did not provide any response to Mr. Albritton's request.

19. Both Plaintiffs incurred postage costs in mailing their file disclosure requests.

20. NCTUE fails, as a matter of policy and practice, to provide consumers with a complete copy of their NCTUE file as required by the FCRA at 15 U.S.C. § 1681g(a)(1).

21. Moreover, and in violation of 15 U.S.C. § 1681g(c)(2), and contrary to the practice of other CRAs, NCTUE intentionally, recklessly, and as a matter of course fails to provide consumers the summary of their rights under the FCRA as prepared by the Federal Trade Commission, thus further limiting a consumer's ability to correct any inaccurate information reported by NCTUE about him or her.

22. NCTUE's practice not only violates the FCRA as a matter of law, it exacts serious consequences on consumers and interstate commerce by denying them valuable information to which they are entitled by law, and prejudicing them in their ability to adequately determine whether NCTUE is properly reporting information about them.

## V.   CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action on behalf of the following class of consumers:  All natural persons residing within the United States and its Territories who, within two years prior to the filing of this action and extending through the resolution of this litigation, made a request to NCTUE for a copy of their NCTUE file or report, and to whom NCTUE did not provide a copy of the file or report. Excluded from the class are class counsel, any persons employed at the law firms of class counsel, and any such person's immediate family.

24. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, NCTUE receives hundreds if not thousands of file disclosure requests from consumers each year, and fails as a matter of policy and practice to provide any response.

25. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

4

    a. Whether NCTUE violated section 1681g(a) of the FCRA by failing to disclose the information in its files on consumers in response to those consumers' requests for their files;

    b. Whether NCTUE's failure to provide consumers with their files upon request was willful.

26. **Typicality. FED. R. CIV. P. 23(a)(3)**. Plaintiffs' claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that they seek for absent class members.

27. **Adequacy.   FED. R. CIV. P. 23(a)(4).** Plaintiffs are adequate representatives of the Class. Theirs interests are aligned with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in class action litigation, and they intend to prosecute this action vigorously. Plaintiffs and their Counsel will fairly and adequately protect the interests of members of the Classes.

28. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device

will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## VI. COUNT ONE - FCRA

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Defendant is a "person" and "consumer reporting agency as those terms are defined by sections 1681a(b) and (f) of the FCRA.

31. Each plaintiff is a "consumer" as that term is defined by section 1681a(c) of the FCRA.

32. Pursuant to sections 1681n and 1681o of the FCRA, NCTUE is liable for willfully and/or negligently violating the FCRA by engaging in the following conduct:

> a. failing to disclose to consumers all information in their file, in violation of 15 U.S.C. § 1681g(a)(1);
>
> b. failing to provide consumers a summary of their rights under the FCRA as prepared by the Federal Trade Commission, in violation of 15 U.S.C. § 1681g(c)(2).

## VII. JURY TRIAL DEMAND

33. Plaintiffs demand trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment in their favor and for the Class as follows:

(a) That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class;

(b)     That judgment be entered against Defendant for statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a);

(c)     That judgment be entered against Defendant for punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

(d)     That judgment be entered against Defendant for actual damages, including but not limited to postage, pursuant to 15 U.S.C. § 1681n(a)(1) and/or 1681o(a)(1);

(e)     That the Court award Plaintiffs costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and o; and

(f)     That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

By:     /s/ James M. Feagle
        James M. Feagle
        Georgia Bar No. 256916
        Cliff R. Dorsen
        Georgia Bar No. 149254
        2374 Main Street, Suite B
        Tucker, GA 30084
        Telephone:  (404) 373-1970
        Facsimile:  (404) 601-1855

        Kris Skaar
        Georgia Bar No. 649610
        Justin T. Holcombe
        Georgia Bar No. 552100
        133 Mirramont Lake Drive
        Woodstock, GA 30189
        Telephone:  (770) 427-5600

7

Facsimile:   (404) 601-1855

James A. Francis*
John Soumilas*
FRANCIS & MAILMAN, P.C.
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
(215) 735-8600(t)
(215) 940-8000(f)
*(Petitions for Pro Hac Vice
Admission forthcoming)*

Robert S. Sola
Robert S. Sola, P.C.
8835 SW Canyon Lane, Ste. 130
Portland, OR 97225
rssola@msn.com
Telephone: (503) 295-6880
*(Petition for Pro Hac Vice
Admission forthcoming)*

*Attorneys for Plaintiff and Classes*

Dated: September 11, 2017